UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER MCARTHUR,<br>Plaintiff,<br><br>v.<br><br>SUMMIT SECURITY,<br>DEPT. OF SOCIAL SERVICES,<br>and CITY OF NEW HAVEN,<br>Defendants. | No. 3:20-cv-1002 (SRU) |

## RULING ON CITY OF NEW HAVEN'S MOTION TO DISMISS

Alexander McArthur filed this lawsuit *pro se* against Summit Security ("Summit"), the state Department of Social Services ("DSS"), and the City of New Haven ("New Haven") (collectively, "Defendants"). McArthur claims that the Defendants discriminated against and intimidated him in violation of 42 U.S.C § 3617 when a Summit security guard uttered to McArthur what he perceived to be a racial slur. McArthur seeks monetary damages in the amount of $44 million.

On December 7, 2020, New Haven filed the instant motion to dismiss for failure to state a claim, to which McArthur responded on March 12, 2021. For the following reasons, New Haven's motion to dismiss (Doc. No. 13) is **granted**.

### I. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch*

1

*Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (cleaned up). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (cleaned up).

### A. Background[1]

On November 14, 2014, McArthur went to the state DSS field office in New Haven with his government-appointed conservator. *See* Compl., Doc. No. 1 at 10. While there, he asked a

---

[1] The following facts are drawn from the complaint and, for purposes of the instant motion, I assume them to be true.

white security guard to use the restroom. *Id.* The guard opened a door leading to the restroom. *Id.* As McArthur proceeded toward the restroom, the guard angrily uttered a phrase McArthur did not hear, followed by the term "brother." *Id*. In McArthur's view, a white man calling a Black man "brother" is akin to calling him the N-word. *Id.* at 11. Shortly after, McArthur reported the incident to the manager of Summit, Tom Bidmead, who was not concerned that McArthur had been the victim of a racial slur by one of Summit's guards. *Id.* at 12.

McArthur asserts that the racial slur spoken by the Summit security guard violates the Fair Housing Act, 42 U.S.C § 3617. *Id.* at 9.  McArthur further alleges that the "City of New Haven for Summit Security. . . is contracted by Department of Social Services," and that Social Services "represented the City of New Haven." *Id*. at 8.

Additionally, McArthur raises claims against Summit and the state DSS. Those parties have not filed a notice of appearance in this case, a failure justified by the fact that those parties were not properly served. *See* Certificate of Service, Doc. No. 8 (electronically serving only "City of New Haven, Department of Social Services").

**II.     Discussion**

   A.  <u>Claims Against New Haven</u>

In support of New Haven's motion to dismiss, New Haven advances two main arguments: (1) DSS is not an instrumentality of the City of New Haven, but one of the State of Connecticut; and (2) McArthur has not alleged facts sufficient to state a claim under 42 U.S.C §§ 1983 or 3617. I agree with New Haven and will address each argument in turn.

     1.  *DSS is not an instrumentality of New Haven.*

Facts "not subject to reasonable dispute" can be judicially noticed. Fed. R. Evid. 201(b).

Such facts include matters of public record.[2]

Per the Connecticut Department of Social Services' online webpage, DSS is an instrumentality of the State of Connecticut.[3] The Summit officer, therefore, is a state officer. Accordingly, I take judicial notice of the fact that DSS is an arm of the state. This finding necessitates I conclude that there is no link between New Haven and the DSS acts complained of by McArthur. Therefore, the claims against New Haven are dismissed on this basis.

2. *McArthur has failed to state a claim for relief.*

Even if there is a link between McArthur's claims and New Haven, his claims must still be dismissed for failure to state a legally cognizable claim under both 42 U.S.C. §§ 1983[4] and 3617. Put simply, the elements required for pleading under both statutes are wholly absent from McArthur's complaint.

To state a legally cognizable claim against New Haven as a municipality, McArthur must describe how the utterance of the racial slur by the security guard "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers [or is] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Further, McArthur must allege "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

---

[2] *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) ("We also take judicial notice of relevant matters of public record.").

[3] *See* CONN. DEP'T OF SOCIAL SERVICES, www.portal.ct.gov/dss (last visited September 27, 2021). This matters not only because McArthur improperly named New Haven as a defendant, but also because states and their instrumentalities generally cannot be sued for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

[4] Though McArthur only asserted a claim for relief under Section 3617, I presume McArthur also meant to state a claim for relief under Section 1983. Therefore, I assess the merits of a Section 1983 claim based on the facts alleged in the complaint.

McArthur has done neither. The facts here, even construed in the light most favorable to McArthur and after drawing all reasonable inferences in McArthur's favor, do not plausibly allege any connection between a policy or custom of New Haven and the security guard's actions. As New Haven further asserts, McArthur has not alleged that New Haven had a policy or custom directing security guards to utter racial slurs, nor has he alleged any other direct causal link between a municipal policy or custom and the acts of the security guard. Therefore, to the extent McArthur raises an Equal Protection Act claim against New Haven, the claim fails for those reasons as well.

A similar rationale underlies why McArthur's Section 3617 claim also fails. Section 3617 of the Fair Housing Act was adopted to safeguard members of a protected class from coercion, intimidation, threats, or interference in the exercise of enjoyment of their rights. *See Frazier v. Rominger*, 27 F.3d 828, 833 (2d Cir. 1994). Those rights relate to the sale and rental of housing, and other real estate-related transactions. *See id.* Although McArthur has alleged discrimination on the basis of race, the conduct at issue here is not contemplated by Section 3617. Even construed liberally, McArthur simply has not made any allegations in relation to a residential dwelling. Therefore, McArthur could not have suffered the type of intimidation required to state a claim under this statute.

B. Claims Against the Summit and DSS

The remaining defendants in this case are Summit and DSS. Neither has appeared in this action. In my view, their failure to appear is explainable and justifiable because these parties were not properly served and have not received notice of their status as a party in this lawsuit.

A court may dismiss a civil action for insufficient service of process. Fed. R. Civ. P. 4(m). McArthur filed the complaint in the instant case on July 17, 2020. From that date,

McArthur had 90 days to serve Summit and DSS. *Id.* There is no showing that McArthur complied with that obligation. Although McArthur's noncompliance is likely the result of an honest mistake, it remains true that service was not properly effectuated on Summit or DSS.

As a result, I will dismiss the claims against Summit and DSS without prejudice pursuant to Rule 4(m) for insufficient service of process unless McArthur effects service on those defendants within 45 days from this order.

### III. Conclusion

For the foregoing reasons, I **grant** City of New Haven's motion to dismiss the claims brought against it by Alexander McArthur.

Dated at Bridgeport, Connecticut, this 28th day of September 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
