UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>Plaintiff,<br><br>v.<br><br>SUMMIT SECURITY,<br>DEPT. OF SOCIAL SERVICES,<br>& CITY OF NEW HAVEN,<br>Defendants. | No. 3:20-cv-1002 (SRU) |

### ORDER OF DISMISSAL

Alexander McArthur filed this lawsuit *pro se* against Summit Security ("Summit"), the state Department of Social Services ("DSS"), and the City of New Haven ("New Haven"), alleging racial discrimination. I previously granted the City of New Haven's motion to dismiss the claims against it. I now *sua sponte* dismiss all claims against the remaining defendants.

**I.     Background**

On July 17, 2020, McArthur filed a complaint alleging that that the City of New Haven, its Department of Social Services, and its security contractor had discriminated against him and intimidated him in violation of 42 U.S.C. § 3617 when a Summit security guard uttered to McArthur what McArthur perceived to be a racial slur while he was on Department of Social Services premises. Doc. No. 1. McArthur seeks monetary damages in the amount of $44 million. *Id.*

On December 7, 2020, New Haven moved to dismiss McArthur's claims. Doc. No. 13. On September 28, 2020, I granted New Haven's motion, in part because I had determined that DSS was an instrumentality of the state, not the city, and that the Summit officer had thus acted as a state officer. *Id.* at 3, 6. Although the claims against Summit and DSS remained, I noted

that McArthur had failed to properly serve them as parties. *Id.* at 5. I warned that I would dismiss the claims against Summit and DSS without prejudice for insufficient service of process unless McArthur effects proper service on them within 45 days. *Id.* at 6.

## II.     Standard of Review

Under 28 U.S.C. § 1915(a), a district court may authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Under section 1915(e)(2)(B), however, a court must dismiss an action "at any time" if it determines that "the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." When a plaintiff proceeds *pro se*, however, a court must construe the pleadings liberally and avoid the "harsh application of technical rules" that could lead to the "inadvertent forfeiture of important rights" merely because a litigant does not have the benefit of representation. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## III.    Discussion[1]

I have determined that the proper defendant in McArthur's suit is the State of Connecticut Department of Social Services, an instrumentality of the state, and that Summit Security was acting as a state officer in connection with McArthur's allegations. Ruling, Doc. No. 16, at 4. Accordingly, I must dismiss McArthur's claims because they are barred by sovereign immunity and because McArthur has failed to state a legally cognizable claim under 42 U.S.C. § 3617.

---

[1] Although McArthur only asserted a claim for relief under 42 U.S.C. § 3617, I presume he also intended to state a claim for relief under 42 U.S.C. § 1983. Therefore, I assess the merits of the potential Section 1983 claim based on the facts alleged in the complaint.

2

A. <u>The Eleventh Amendment Bars McArthur's Claims Against DSS for Monetary Damages</u>

The Eleventh Amendment to the United States Constitution bars a suit in federal court against a state or one of its agencies absent the state's explicit consent to suit or Congress's explicit abrogation of state immunity.  *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015).

In this case, there is no evidence that the state has consented to the suit.  Therefore, McArthur must demonstrate that Congress has abrogated state immunity.

To the extent that McArthur attempts to state a claim under Section 1983, that statute does not override the state's Eleventh Amendment immunity as a matter of law.  *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  Therefore, I dismiss the Section 1983 claims with prejudice.

To the extent that McArthur attempts to state a claim under the Fair Housing Act, it is an unsettled question of law whether Congress abrogated states' sovereign immunity in enacting the Fair Housing Act.  The Second Circuit has not squarely addressed the issue, but this Court has concluded that the Eleventh Amendment bars Fair Housing Act claims.  *See DeSouza v. Kennedy*, 2017 WL 3431393, at *3 (D. Conn. Aug. 9, 2017); *see also McCardell v. U.S. Dept. of Hous. & Urban Dev.*, 794 F.3d 510, 521–22 (5th Cir. 2015) (reasoning that the lack of express language in the Fair Housing Act demonstrates that Congress did not intend to abrogate states' Eleventh Amendment immunity); *Forziano v. Independent Group Home Living Program, Inc., Medicare & Medicaid P 304873*, 2014 WL 1277912, *6 (E.D.N.Y. 2014), *aff'd*, 613 F. App'x 15 (2d Cir. 2015); *Sierotowicz v. State of New York Div. of Hous. & Cmty. Renewal*, 2005 WL 1397950, at *1 (E.D.N.Y. June 14, 2005).  I need not decide the issue.  Even assuming *arguendo* that the Fair Housing Act abrogates sovereign immunity, McArthur nevertheless fails to state a Fair Housing Act claim.

B. <u>McArthur Fails to State a Fair Housing Act Claim</u>

McArthur's Fair Housing Act claim is without basis. Section 3617 of the Fair Housing Act was adopted to safeguard members of a protected class from coercion, intimidation, threats, or interference in the exercise of enjoyment of their rights. *See Frazier v. Rominger*, 27 F.3d 828, 833 (2d Cir. 1994). Those rights relate to the sale and rental of housing, and other real estate-related transactions. *Id.* Here, although McArthur has alleged discrimination on the basis of race, the alleged conduct is not contemplated by Section 3617. Even construed liberally, McArthur has not made any allegations related to a residential dwelling. Therefore, McArthur could not have suffered the type of intimidation required to state a claim under this statute.

McArthur fails to state a valid Fair Housing Act claim on the merits, and he cannot do so on these allegations. Therefore, granting leave to amend the claim would be futile. Accordingly, I dismiss the claim with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

C. <u>Dismissal Before Service of Process or Before Proper Service of Process</u>

Nearly two years have passed since McArthur filed the complaint in this case, and almost one year has passed since McArthur received notice of his failure to serve the proper parties. Yet, despite a clear order from the Court, McArthur failed to adequately effectuate service on the proper parties to this proceeding.

McArthur has failed to properly serve Summit Security. Federal Rule of Civil Procedure 4(d) allows a plaintiff to request that a defendant waive service of the summons. Fed. R. Civ. P. 4(d). "[A] plaintiff may obtain a [Rule 4(d)] waiver of service by mail by sending the complaint plus a notice and request for waiver of service to the defendant by first class mail. If the defendant returns the requested waiver within 30 days, the plaintiff is to file the waiver with the court. The action would then proceed as if the summons and complaint had been served on the

defendant at the time of the filing of the waiver." *Durrett v. Leading Edge Prod., Inc.*, 965 F. Supp. 280, 286–87 (D. Conn. 1997) (citing Fed. R. Civ. P. 4(d)).  Of course, Rule 4(d) only excuses formal service of process "when a waiver is executed by the defendant, returned to the plaintiff, and filed with the court." *Moss v. Wyeth, Inc.*, 872 F. Supp. 2d 154, 159 (D. Conn. 2012) (emphasis added).

    Here, it appears that McArthur attempted to obtain a waiver of service by mailing the complaint and a notice and request for waiver of service to Summit.  Doc. No. 17.  But Summit's waiver of service was returned unexecuted.  A plaintiff is only relieved of his duty to serve the summons if the defendant actually waives service.  *Weaver v. State of New York*, 7 F. Supp. 2d 234, 236 (W.D.N.Y. 1998).  Because the waiver of service was returned unexecuted, Summit did not waive service and McArthur maintained the obligation to formally serve Summit Security.

    Second, McArthur failed to properly serve the State of Connecticut.  Federal Rule of Civil Procedure 4(j)(2) provides that a state government may be served by either "delivering a copy of the summons and of the complaint to [the state's] chief executive officer; or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant," here Connecticut General Statutes § 52-64(a).  Despite a clear order from the Court to effect service against the state Department of Social Services, McArthur has failed to do so.  Document Number 18 indicates that McArthur served "City Hall," not the state's chief executive officer nor the Attorney General as required.  Accordingly, McArthur has failed to properly serve the state.

    Because the defendants have not been properly served, they have not appeared in this proceeding.  The Second Circuit has advised that "[s]*ua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint

lacks an arguable basis either in law or fact." *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) (cleaned up).  In this case, dismissal without proper service of process is appropriate because the complaint patently lacks any arguable basis in law or fact.  For the aforementioned reasons, the Section 1983 claim is barred by the Eleventh Amendment and the Fair Housing Act claim is entirely meritless.  Under these circumstances, dismissal is warranted.

**IV.      Conclusion**

For the foregoing reasons, I dismiss the complaint with prejudice.  The Clerk is directed to enter judgment in favor of the Defendants and close the case.

Dated at Bridgeport, Connecticut, this 28th day of July, 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge